IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:04CR00484 |
| | ) | |
| MANUEL ROJO VASQUEZ | ) | |

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

On May 10, 2005, Defendant Manuel Rojo Vasquez was sentenced to 60 months in prison after pleading guilty to the illegal re-entry of a deported alien after conviction for aggravated felony, 8 U.S.C. § 1326(a) and (b)(2). On May 16, 2005, within ten days of the entry of his sentence, Defendant submitted a letter to the clerk's office stating that he was unsatisfied with his current counsel and desired new counsel in order to pursue an appeal. The clerk's office treated Defendant's letter as a pro se motion for the appointment of new counsel and did not consider it for purposes of appeal. Nearly two years later, Defendant submitted a second letter to the clerk's office inquiring about his case and the status of his appeal. Now before this court is the question of whether or not Defendant's initial submission to the clerk's office can be considered a proper notice of appeal. For the following reasons, the court will treat Defendant's letter filed May 16, 2005, as a proper and timely notice of appeal.

## I. ANALYSIS

According to the Federal Rules of Appellate Procedure, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a). In order to be effective, an appeal need only contain (1) the name of the party or parties taking the appeal, (2) the judgment, order, or part thereof being appealed, and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). When reviewing the validity of a notice of appeal, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4).

In this case, Defendant filed a handwritten letter with the clerk's office that stated his name, the judgment against him, and the name of the court where the judgment was entered. The letter reads: "during sentencing i [sic] was told by the judge that i [sic] had ten days to file an appeal and if i [sic] couldn't afford to hire a lawyer that the court would appoint one for me." (Pro Se Letter Motion, May 15, 2005.) Defendant also stated that he "would like [an attorney] that would help [him] appeal before the ten working days." (Id.) Though Defendant's appeal was not submitted in a formal style or on a standard pro

se form, his intention was nonetheless clear. A very careful reading of Defendant's letter demonstrates his obvious desire to appeal his case. Accordingly, Defendant provided sufficient notice of an appeal as required by the Federal Rules of Appellate Procedure. Cf. Smith v. Barry, 502 U.S. 244, 249, 112 S. Ct. 678, 682 (1992) (The Federal Rules of Appellate Procedure "do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal, however, if the filing is timely under Rule 4 and conveys the information required by Rule 3(c)."); Ortiz v. John O. Butler Co., 94 F.3d 1121, 1125 (7th Cir. 1996) (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17, 108 S. Ct. 2405, 2408-09 (1998)) ("'mere technicalities' should not stand in the way of our consideration of the merits, and we will find a notice of appeal sufficient so long as it 'is the functional equivalent of what the rule requires.'").

## II. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's pro se letter (Doc. No. 13) shall be treated as a proper and timely notice of appeal.

This the 14th day of June 2007.

                                        */s/ William L. Osteen*
                                        United States District Judge